IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN MOXLEY, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF LOPEZ, ET AL., )<br>      Defendants. ) | No. 3:10-CV-1524-O-BF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

Plaintiff, an inmate confined in the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* under the provision of 28 U.S.C. § 1915. The Court finds Plaintiff's motion to proceed *in forma pauperis* should be denied.

Title 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed numerous previous actions in federal court. A review of the U.S. Party

and Case Index reflects that Courts in the Norther District of Texas have dismissed two of Plaintiff's prior complaints as barred by three strikes. *See Moxley v. Beech*, 4:04cv290-A (N.D. Tex., Fort Worth Div., May 10, 2004); *Moxley v. Keeton, et al.*, 3:05cv713-R (N.D. Tex., Dallas Div., Aug. 4, 2005). The three-strike finding in those cases was based on the dismissal of the following three actions in the Western District of Texas: *Moxley v. Steele, et al.*, No. A:00-CA-297-SS, 1:00cv297; *Moxley v. Poole, etal.*, No. A:00-CA-140-SS, 1:00cv0140, and *Moxley v. Frasier*, No. A-99-230-SS, 1:99cv230.

Plaintiff alleges his civil rights have been violated because the conditions in the mental health section of the jail are inadequate and his basic personal, mental, and physical needs are not being met. His complaint does not state that he is imminent danger of serious physical injury and he has thus failed to show that he is in imminent danger of serious physical injury.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The Court further recommends that the District Court dismiss this action pursuant to § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

Signed this 8th day of November, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).